IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK S. TODARO,                              )<br>                                                         )<br>       Plaintiff,                                 )  Civil Action No. 05-274<br>                                                         )<br>   v.                                                 )  Judge Thomas M. Hardiman<br>                                                         )<br>ESTELLE RICHMAN, DANIEL RICHARD, )<br>LYNN F. SHEFFER, PATRICK QUINN,    )<br>MARY ANN BACH, and DONALD E.       )<br>JERICH,                                              )<br>                                                         )<br>       Defendants.                             ) | |

## **MEMORANDUM OPINION**

Plaintiff Frank S. Todaro (Todaro), acting *pro se*, brought this action alleging violations of 18 U.S.C. §1962, *et seq.*, also known as the Racketeer Influenced Corrupt Organizations Act (RICO) against Estelle Richman, Secretary, Executive Office, Commonwealth of Pennsylvania, Department of Public Welfare; Daniel H. Richard, Director, Pennsylvania State Collections & Disbursement Unit and Bureau of Child Support Enforcement; and Lynn Sheffer, Comptroller, Public Health and Human Services. The remaining Defendants are all employees of the Court of Common Pleas of Allegheny County's Family Division, and include Patrick Quinn, Esquire, Administrator, Allegheny County Family Division; Mary Ann Bach, Hearing Officer, Allegheny County Family Court Division; and Donald Jerich, IV-D Solicitor, Allegheny County Law Department.

This Court has jurisdiction under 28 U.S.C. §1331 to hear federal questions such as those presented in Plaintiff's Complaint. Defendants have moved to dismiss the Complaint arguing, *inter alia*, that Todaro's claims fail to state a claim and/or are barred by the doctrines of sovereign immunity, judicial immunity, and the *Rooker-Feldman* doctrine. Because the Court

agrees with several of Defendants' arguments, Plaintiff's claims must be dismissed with prejudice.

## I. Factual Background

Todaro contends that he has suffered injuries to his business and property as a result of the Defendants' involvement in purported racketeering activities. By his account, Todaro has been victimized by the Commonwealth of Pennsylvania's system for collecting and distributing child support payments, in that he has allegedly had to return to work and pay more than seventy-five percent of his gross income for each of the past eight years for child support.

## II. Discussion

### A. Standard of Review

Rule 12(b)(6) motions challenge the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Although the court will accept well-pleaded allegations as true for purposes of the motion, it need not accept unwarranted inferences or unsupported legal conclusions cast in the form of factual allegations. *See In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Id.* "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Rockefeller Center Properties Inc.*, 311 F.3d 198 (3d Cir. 2002) (citations omitted).

The Court recognizes that *pro se* submissions "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106, (1976), *reh'g denied,* 429 U.S. 1066 (1977) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). Accordingly, this Court will construe Plaintiff's complaint in the light most favorable to him.

### B. RICO

First, Todaro's Complaint fails to state a claim upon which relief can be granted against these Defendants under RICO. "The major purpose behind RICO is to curb the infiltration of legitimate business organizations by racketeers." *Sinclair v. Hawke,* 314 F.3d 934, 943 (8th Cir. 2003). To establish a RICO violation, a plaintiff must show: (1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) that defendant's actions constitute a pattern of racketeering activity. *Marshall-Silver Construction Co., Inc. v. Mendel,* 835 F.2d 63, 65 (3d Cir. 1987). Todaro fails to allege the existence of an "enterprise"[1] or any prohibited activity by the Defendants that could be considered "predicate acts of racketeering" or a pattern of racketeering activity. Accordingly, his Complaint is deficient as a matter of law and must be dismissed.

---

[1] To sufficiently plead the existence of an enterprise, the plaintiff must allege facts to show that the enterprise was an ongoing organization with a framework or structure for making decisions and that its members functioned as a continuing unit. *Temple University v. Sall Brothers, Inc.,* 656 F. Supp. 97 (E.D. Pa. 1986). Moreover, the RICO defendant and the RICO enterprise cannot be one and the same; they must be different entities. *United States v. Turkette,* 452 U.S. 576, 582 (1981). Neither an individual nor a corporation may be both a liable "person" and the "enterprise" under RICO. *B.F. Hirsh v. Enright Refining Co.,* 751 F.2d 628, 633 (3d Cir. 1984).

*C. Absolute Judicial Immunity*

In addition, the doctrine of absolute judicial immunity bars Todaro's claims against Defendants Quinn, Bach and Jerich. The averments against these Defendants all concern actions taken by them in their official capacities as employees of the Court of Common Pleas of Allegheny County, Pennsylvania, Family Division. The law is clear that absolute judicial immunity extends to court personnel performing quasi-judicial functions. *Forrester v. White*, 484 U.S. 219 (1988); *see also Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760 (3d Cir. 2000) (deputy court administrator in family division entitled to absolute quasi-judicial immunity). For this reason, Todaro's claims against Defendants Quinn, Bach and Jerich are barred.

*D. Sovereign Immunity*

Third, the doctrine of sovereign immunity bars Todaro's claims against all Defendants. Absent waiver by a State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). While the Amendment by its terms does not bar suits against a State by its own citizens, the United States Supreme Court has consistently held that an unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Because the Commonwealth of Pennsylvania has not consented to suit in federal court, 42 Pa.C.S.A. § 8521(b), any claim against the Commonwealth is barred by the Eleventh Amendment. *See Callahan v. City of Philadelphia*, 207 F.3d 668, 670 (3d Cir. 2000). The Commonwealth's agencies are also entitled to Eleventh

Amendment protections, *Lavia v. Commw. of Penn.*, 224 F.3d 190, 195 (3d Cir. 2000); as are the Commonwealth's employees when named in their official capacity. *Demarco v. Dept. of Corrections*, Civ. A. 99-2310, 1999 WL 997751 (E.D. Pa. Nov. 4, 1999).

Todaro's claims against Defendants Richman, Richard and Sheffer for actions taken in their official roles as employees of Pennsylvania agencies are barred by the Eleventh Amendment. In addition, the Court of Appeals for the Third Circuit, in interpreting the definition of "Commonwealth government," has concluded that "[a]ll courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies." *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000). Therefore, claims against Defendants Quinn, Bach and Jerich for actions taken by them in their official capacities as employees of the Court of Common Pleas of Allegheny County, Pennsylvania, Family Division, are also barred by the Eleventh Amendment.

### E. Rooker-Feldman Doctrine

The Court of Appeals for the Third Circuit recently held that the *Rooker-Feldman* doctrine may apply to bar the exercise of federal jurisdiction in RICO cases. *ITT Corp. v. Intelnet Intern*, 366 F.3d 205 (3d Cir. 2004). The doctrine precludes lower courts from exercising federal jurisdiction over claims that were actually litigated or inextricably intertwined with adjudication by a state's courts. *Parkview Assoc. v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir. 2000). In essence, Todaro seeks federal court review of his child support obligations as determined by the Pennsylvania state court system. For this additional reason, Todaro's Complaint must be dismissed.

### III. Conclusion

For the foregoing reasons, Todaro's claims against the Defendants fail as a matter of law and his Complaint must be dismissed with prejudice.

An appropriate order follows.

BY THE COURT:

_____
Thomas M. Hardiman
United States District Judge

August 25, 2005

cc: counsel/parties of record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK S. TODARO, | ) |
|        Plaintiff, | ) Civil Action No. 05-274 |
| v. | ) Judge Thomas M. Hardiman |
| ESTELLE RICHMAN, DANIEL RICHARD, LYNN F. SHEFFER, PATRICK QUINN, MARY ANN BACH, and DONALD E. JERICH, | ) |
|        Defendants. | ) |

## ORDER

AND NOW, this 25th day of August, 2005, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby

ORDERED that Defendants' Patrick Quinn, Mary Ann Bach and Donald E. Jerich's Motion to Dismiss (Doc. No. 4) and Defendants' Estelle Richman, Daniel H. Richard, Lynn F. Sheffer's Motion to Dismiss (Doc. No. 8) are GRANTED and Plaintiff's Complaint is dismissed with prejudice. The Clerk is directed to mark the case CLOSED.

BY THE COURT:

*Thos M. Hardiman*
Thomas M. Hardiman
United States District Judge

Frank S. Todaro (pro se)  
1299 State Rte. 711  
Stahlstown, PA 15687

Michael H. Wojcik, County Solicitor  
J. Deron Gabriel, Assistant County Solicitor  
Allegheny County Law Department  
300 Fort Pitt Commons Building  
445 Fort Pitt Boulevard  
Pittsburgh, PA 15219

Thomas W. Corbett, Attorney General  
Craig E. Maravich, Deputy Attorney General  
Susan J. Forney, Chief Deputy Attorney General  
Office of Attorney General  
6th Floor, Manor Complex  
564 Forbes Avenue  
Pittsburgh, PA 15219

2